UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | Case No.: 1:97-cr-00159-RDP-GMB-1 |
| } | |
| **REGINALD WOODS,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

This matter is before the court on two motions filed by Reginald Woods, a prisoner at FCI Talladega in Alabama: (1) Motion to Reduce or Modify Sentence Under 18 U.S.C. § 3582(c)(2) Pursuant to U.S.S.G. Amendment 599 (Doc. # 161); and (2) Motion to Unseal, Produce, and Disclose (Doc. # 164). For the reasons discussed below, the Motions (Docs. # 161, 164) are due to be denied.

**I.     Background**

On September 8, 1997, a jury convicted Woods of one count of carjacking, in violation of 18 U.S.C. § 2119 (Count One); four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Counts Two, Four, Six, and Nine); and four counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Three, Five, Seven, and Ten). *Woods v. Rathman*, No. 12-cv-2855, 2013 WL 1346373, at *1 (N.D. Ala. Mar. 14, 2013), *report and recommendation adopted*, 2013 WL 1346361 (N.D. Ala. Apr. 1, 2013).

Woods faced a 15-year maximum term of imprisonment for his conviction in relation to Count One, 18 U.S.C. §§ 2119 & 2, 25-year maximum terms of imprisonment for each of his convictions in relation to Counts Two, Four, Six, and Nine, 18 U.S.C. §§ 2113(a) & (d), and 20-

year terms of imprisonment for each of his convictions in relation to Counts Three, Five, Seven, and Ten, none of which could run consecutively to any other term of imprisonment, 18 U.S.C. § 924(c)(1). His guideline range was 121 to 151 months imprisonment. (Doc. # 151 at 2). He also was confronted with a total 80-year (960 months) term of imprisonment, which was to be served consecutively, as to Counts Three, Five, Seven, and Ten. (Doc. # 151 at 2).

In November 1997, Woods was sentenced to 960 months imprisonment (which indicates an expected release date on July 12, 2078). *Woods*, 2013 WL 1346373, at \*1; (Doc. # 151 at 2). Woods appealed, and the Eleventh Circuit affirmed his conviction and sentence on November 4, 1998. *Woods*, 2013 WL 1346373, at \*1. On March 11, 1999, the Supreme Court denied Woods's petition for a writ of certiorari. (*Id.*). Since that time, Woods has filed a number of motions challenging his custody and sentence, including various motions in September 2020 seeking reduction of his sentence under 18 U.S.C. § 3582 based on the application of Amendment 599. (Doc. # 151 at 2-6). This court previously denied all of Woods's September 2020 motions, including the motions seeking a sentence reduction under Amendment 599. (*Id.* at 1).

After his September 2020 motions were denied, Woods has now filed two new motions seeking (1) a sentence reduction (Doc. # 161), and (2) production of judicial records (Doc. # 164). For the following reasons, both Motions (Docs. # 161, 164) are due to be denied.

**II.    Discussion**

    **A.    Motion to Reduce or Modify Sentence Under 18 U.S.C. § 3582(c)(2) Pursuant to U.S.S.G. Amendment 599 (Doc. # 161)**

Woods again seeks a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 599 to the sentencing guidelines. (Doc. # 161 at 6.) Woods challenges the application of a five-level weapons enhancement for brandishing a firearm that was applied to his sentence for Count One (carjacking). Woods argues that Counts One and Two were part of the same course of

conduct—the bank robbery—such that the five-level weapons enhancement should not have been applied as to Count One. (*Id.* at 1). He seeks a five-level sentence reduction and requests that the court also consider his "rehabilitation," the First Step Act of 2018, and "COVID-19 conditions in the Bureau of Prisons." (Docs. # 161, 162).

This court has already denied Woods's previous § 3582(c)(2) motions. (Doc. # 151 at 8-11). As previously explained, Woods is not eligible for reduction under Amendment 599. *See* U.S.S.G. App. C, Vol. II, Amend. 599. Amendment 599 applies when a defendant is convicted under § 924(c) for using a firearm during a crime of violence and is also convicted of the underlying violent crime. *Id.* The Amendment directs that when determining the defendant's sentence for the underlying violent offense, a court should not apply any weapons enhancements. *Id.* This is because the separate § 924(c) sentence accounts for the same conduct as a weapons enhancement. *Id.* So, applying both would result in duplicative punishment. *Id.*

Amendment 599, however, does not apply to Woods's sentence. While it is true that (1) Woods was convicted under § 924(c) for using a firearm during the commission of four separate bank robberies (Counts Three, Five, Seven, and Ten), and (2) he was also convicted for the underlying bank robberies (Counts Two, Four, Six, and Nine), he did not receive a weapons enhancement in relation to any of those offenses. Rather, he received a weapons enhancement for his sentence related to Count One (the carjacking). But, unlike his convictions for the bank robberies, he was not convicted under § 924(c) for using a firearm during the carjacking; therefore, his carjacking conviction was not an "underlying offense" for purposes of Amendment 599. So, Amendment 599 does not apply to Woods's sentence and would not change his sentence (even if applied retroactively). *See* U.S.S.G. § 1B1.10, cmt. 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy

3

statement if: . . . (ii) an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). Therefore, Woods's Motion seeking a sentencing reduction under 18 U.S.C. 3582(c) based on Amendment 599 (Doc. # 161) is due to be denied.

### B. Motion to Unseal, Produce, and Disclose (Doc. # 164)

In this Motion, Woods makes a broad request for "a 'transcript' of all hearings that were held under this case number to be prepared at the government's expense, and for all warrants, exhibits, and attachments to be fully disclosed and unsealed" as well as "any and all judicial records related to this case number." (Doc. # 164 at 2). Because Woods has not explained which particular documents he wants nor why he is entitled to receive them, the Motion (Doc. # 164) is due to be denied. If Woods wishes to obtain judicial records, he must file a motion specifically identifying the exact documents he is requesting, including what he believes is sealed, and explaining his basis for requesting each document. In the corresponding Order, the court will direct the Clerk of Court to send Woods the docket sheet for this action, which Woods may use to identify the documents he contends are due to be produced.

### III. Conclusion

For the foregoing reasons, Defendant's Motions (Docs. # 161, 164) are due to be denied. A corresponding Order will be entered.

**DONE** and **ORDERED** this November 16, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE